UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TANYA RAE SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 1:13-cv-00441-RLY-DML |
| | ) |
| ITT TECHNICAL INSTITUTE, | ) |
| | ) |
| Defendant. | ) |

## Report and Recommendation to Dismiss Complaint Without Prejudice

On February 8, 2016, the court issued an order to both parties to show cause why Ms. Smith's complaint should not be dismissed without prejudice. The court noted that more than two years ago, this case was stayed pending arbitration instead of being dismissed without prejudice, but arbitration had yet to be initiated.

Ms. Smith's response to the show cause order states her belief that under the parties' contract, ITT was responsible for "setting up the arbitration" and for paying the arbitration fees. She also states it is unlikely she will be able to proceed with her case any further. (*See* Dkt. 41).

ITT's response to the show cause order requests the court to dismiss Ms. Smith's complaint *with* prejudice. Its argument for dismissal with prejudice is based on a contractual limitations period in the Enrollment Agreement. That argument could have been made by ITT nearly three years ago when it filed its motion to dismiss Ms. Smith's complaint or to stay her case pending arbitration. The facts supporting the argument are the same today as they were three years ago.

Indeed, ITT's contention in response to the show cause order that dismissal with prejudice should be entered is in the nature of a very belated motion for reconsideration—yet one based on facts that are not new.

The court determines it is not appropriate to dismiss Ms. Smith's complaint *with* prejudice. Ms. Smith does not have an opportunity to address ITT's argument unless there is full-fledged briefing of a motion for reconsideration or a new motion to dismiss, and it is not clear that the contractual limitations argument is one this court should rule on anyway, as opposed to an arbitrator.

The magistrate judge recommends that the District Judge enter final judgment and dismiss the plaintiff's complaint *without* prejudice because the arbitration compelled by the court in granting the defendant's motion to dismiss or stay has not—after more than two years—been initiated.

Any objections to this report and recommendation must be filed in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). Failure to file objections within fourteen days after service will constitute a waiver of subsequent review absent a showing of good cause for such failure.

IT IS SO RECOMMENDED.

Dated: March 4, 2016

Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record by email through the court's ECF system

Via United States Mail:

TANYA RAE SMITH
1061 Roland Ln., #4
Green Bay, WI 54303